UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Rhoderius Simmons,

    Plaintiff,

vs.            Case No. 3:12-cv-946-J-25MCR

John H. Rutherford, etc., et al.,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Stay Discovery and for Relief from Case Management Reporting Requirements (Doc. 13) filed September 12, 2012. Defendant Sheriff John H. Rutherford requests an order staying all discovery, including the filing of a case management reporting requirements, until the Court rules on the pending motion to dismiss. (Docs. 6, 11).

Federal Rule of Civil Procedure 26(b)(1) recognizes that trial courts have the authority to limit the scope of discovery by court order. Federal courts also have the broad discretion to stay proceedings as part of their inherent authority to control their docket. Clinton v. Jones, 520 U.S. 681, 706 (1997). The Eleventh Circuit has held that facial challenges to the legal sufficiently of a complaint in a dispositive motion to dismiss should be resolved before discovery begins. Cotton v. Massachusetts Mutual Life Ins. Co., 402 F.3d 1267, 1292 (11th. Cir. 2005); see also Moore v. Potter, 141 Fed. Appx. 803, 2005 WL 1600194 (11th Cir. 2005) (upholding the staying of discovery until ruling

-1-

on the defendants motion to dismiss).  Additionally, courts in this circuit have granted such motions to stay where the "resolution on the pending motion to dismiss may extinguish some or all of the claims ... potentially restricting the scope of discovery significantly."  United States v. Real Prop., 2009 U.S. Dist. LEXIS 53997, 2009 WL 1834149, at *1-2 (S.D. Ga. June 25, 2009); White v. Georgia, 2007 U.S. Dist. LEXIS 79290, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007).  Moreover, staying discovery is warranted when a government official raises an immunity defense.  Harlow v. Fitzgerald, 457 U.S. (1982); see also Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (stating "such pretrial matters as discovery are to be avoided if possible, as inquires of this kind can be peculiarly disruptive of effective government").

Here, Defendant Rutherford has filed a meritorious Motion to Dismiss Plaintiff's Section 1983 claim (Count II) on the grounds of Eleventh Amendment immunity, which would be dispositive thereof.  (Docs. 6, 11).  Therefore, the undersigned finds the issuance of a stay in the instant case is appropriate pursuant to both Rule 26 of the Federal Rules of Civil Procedure and its inherent authority to manage cases pending before it.

Accordingly, after due consideration, it is

**ORDERED:**

Defendant's Motion to Stay Discovery and for Relief from Case Management Reporting Requirements (Doc. 13) is **GRANTED** until resolution of the pending motion to dismiss.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  10th  day of October, 2012.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record